# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of John W. Swan, Respondent.

Appellate Case No. 2017-002129

---

Opinion No. 27780
Submitted February 22, 2018 – Filed March 14, 2018

---

## PUBLIC REPRIMAND

---

John S. Nichols, Disciplinary Counsel, and C. Tex Davis
Jr., Senior Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Joseph C. Wilson, IV and Carl Everette Pierce, II, both of
Pierce, Herns, Sloan & Wilson, LLC, of Charleston, for
Respondent.

---

**PER CURIAM:** In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, respondent admits misconduct and consents to
the imposition of a public reprimand. We accept the Agreement and issue a public
reprimand. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter A

Respondent represented Client in a criminal matter. Concerned that Client was
suffering from a medical emergency and that the medical treatment Client was
receiving in jail was inadequate, respondent paid Client's bond. When Client ran

out of money to pay for the motel room where she was living, and was at risk of having to live on the street, respondent, with his wife's permission, allowed Client to stay at respondent's house with respondent and his wife for two to three nights. Respondent's wife provided Client with clothing. Respondent provided assistance to Client, including monetary assistance, in obtaining a driver's license, car insurance, and a new cell phone. Respondent also aided Client in signing up for inpatient drug rehabilitation. Respondent briefly employed Client in his law office. Respondent represents that he had negotiated a tentative plea agreement with the solicitor and believed the matter would be concluded based on that agreement at the time he began providing financial assistance to Client.

All of the funds advanced to Client came from respondent's operating account or personal funds, and respondent expected to be repaid from Client's anticipated tax refund. Client gave respondent a power of attorney so that respondent could receive the tax refund and secure repayment of the funds advanced. Respondent maintains the funds provided to Client did not encourage Client to pursue any litigation and did not provide respondent with a financial stake in any litigation. *See* Rule 1.8, cmt. 10, RPC, Rule 407, SCACR.

## Matter B

On several occasions, respondent made sexually inappropriate comments to Client on the telephone while she was in jail, and on one occasion did the same with another client who was in jail. There is no evidence, nor have the clients claimed, respondent had sexual relations or engaged in any other inappropriate or unwarranted touching with either client, including with Client while she was staying in his home. There is also no evidence respondent requested sexual services in exchange for anything.

Respondent asserts he believed at the time the comments were made that they "were merely 'raunchy' banter or jokes between jailed clients with a difficult past and their attorney" and that they were part of private conversations that he never imagined would become public. Respondent now acknowledges the inappropriate nature of the comments. Indeed, our review of the portions of the telephone conversations at issue revealed respondent's comments to be sexually explicit and highly offensive in nature. We find such comments made to a client by a member of the legal profession are entirely inappropriate and they will not be tolerated.

## Matter C

On one occasion, respondent delivered electronic cigarettes to two clients in jail.

He deliberately concealed the transfer by positioning his body in order to block the surveillance camera. A second delivery to one of the clients was foiled when an officer monitoring the surveillance camera in the visitation room witnessed respondent physically embracing the client and subsequently confiscated the electronic cigarette from the client. Electronic cigarettes were sold at the jail's commissary, and, under South Carolina law, are not considered contraband or a form of tobacco products, which are banned at the jail. *See* S.C. Code Ann. § 16-17-501 (2015) (defining electronic cigarette); S.C. Code Ann. § 24-7-155 (Supp. 2017) (matters considered contraband); S.C. Code Reg. 33-1 (2011) (list of articles considered contraband). However, as an attorney, respondent was afforded special privileges by the jail facility and his delivery of the electronic cigarettes to his clients violated the trust the jail had in him as a member of the Bar.

## Law

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct: Rule 1.2(d) (a lawyer shall not assist a client in conduct which is criminal or fraudulent); Rule 1.7(a)(2) (a lawyer shall not represent a client if there is a significant risk that the representation will be materially limited by a personal interest of the lawyer); Rule 1.8(e) (a lawyer shall not provide financial assistance to a client in connection with pending litigation except for court costs and litigation expenses in certain circumstances); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent also admits his conduct violated portions of the Lawyer's Oath, Rule 402(h)(3), SCACR (use good judgment; employ only such means in representing a client as are consistent with honor and the principles of professionalism; maintain the dignity of the legal system). Finally, respondent admits his conduct constitutes grounds for discipline pursuant to the following Rules for Lawyer Disciplinary Enforcement: Rule 7(a)(1) (it is a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(5) RLDE (it is a ground for discipline for a lawyer to engage in conduct tending to bring the legal profession into disrepute); and Rule 7(a)(6) (it is a ground for discipline for a lawyer to violate the oath of office).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

Within thirty days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**